# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MASTERFILE CORPORATION,**

        **Plaintiff,**

**-vs-**                               **Case No.  6:10-cv-259-Orl-28GJK**

**ACCOUNTING SYSTEMS TECHNOLOGY,**
**INC. and RON DUCARPE,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF MASTERFILE CORPORATION'S MOTION TO ENTER FINAL DEFAULT JUDGMENT AGAINST DEFENDANT ACCOUNTING SYSTEMS TECHNOLOGY INC. AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 10)** |
| **FILED:** | **August 17, 2010** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**. | |

## I.  BACKGROUND

    On February 12, 2010, Masterfile Corporation ("Masterfile") filed a complaint (the "Complaint") against Accounting Systems Technology Inc. ("AST") and Ron Ducarpe ("Ducarpe") (collectively, the "Defendants") alleging copyright infringement. Doc. No. 1. Masterfile states that on March 18, 2008, it discovered that AST was using six (6) photographs

(the "Photographs") on its website that are owned by Masterfile. *Id.* at 3. Masterfile states that it complied with the Copyright Act of the United States by securing the exclusive copyright for the Photographs. *Id.*[1] Masterfile alleges that AST infringed Masterfile's copyright in the Photographs by displaying them on AST's website without permission or authorization. *Id.* Masterfile states that the website was implemented at the direction of Ducarpe, who, as the president of AST, has the ability to supervise and control the development of the website. *Id.* at 4. Masterfile states that it contacted AST and Ducarpe that the unauthorized use of the Photographs violated Masterfile's exclusive rights and gave Defendants an opportunity to enter into a retroactive licensing agreement or make payment for their unauthorized use prior to filing the Complaint. *Id.* Masterfile requests that the Defendants be preliminarily and permanently enjoined from:

- Copying, or making any unauthorized use, including the making of derivatives, of the Photographs, in any form, including but not limited to print or electronic.
- Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any promotional material bearing any simulation, reproduction, counterfeit, or copy of the Photographs.
- Using any simulation, reproduction, counterfeit, or copy of the Photographs, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service of Defendant.

---

[1] They are identified by Masterfile as 700-00020809, 700-00040666, 700-00044455, 700-00167061, 700-00168614 and 700-00178700 and by the Register of Copyrights Certificate of Registrations as VA 1-023-866, VA 1-023-878, VA 1-023-873 and VA 1-229-219.

2

Doc. No. 1 at 6. Masterfile requests that the Court direct the Defendants to:

- Deliver for destruction all products, magazines, signs, prints, packages, dies, wrappers, receptacles, digital files and advertisements in its possession or under its control, bearing the Photographs, or any simulation, reproduction, counterfeit, or copy, and all plates, molds, matrices and other means of making the same.

- Account for and relinquish to Masterfile all gains, profits, and advantages derived by Defendant through Defendant's infringement of Masterfile's copyright.

- Pay to Masterfile such damages, including actual or statutory damages, as Masterfile is entitled to as a consequence of Defendants' infringement of Masterfile's copyright.

*Id.*

On June 18, 2010, Ducarpe filed an Answer to the Complaint on behalf of himself and AST. Doc. No. 6. On August 2, 2010, on a Motion to Strike (Doc. No. 7) filed by Masterfile, the Court entered an Order striking the Answer as to AST and directed the Clerk to enter default against AST. Doc. No. 8.[2] On August 3, 2010, default was entered against AST. Doc. No. 9. On August 17, 2010, Masterfile filed a Motion to Enter Final Default Judgment Against Defendant [AST] (the "Motion"). Doc. No. 10. AST has failed to respond to the Motion.

**I.  THE LAW**

    **A.  Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a) (emphasis added). Rule 55 (b)(2)

---

[2] Local Rule 2.03(e) prohibits a corporation from proceeding in this Court without Counsel. Local Rule 2.03(e).

further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> A) conduct an accounting;
> B) determine the amount of damages;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

*Id*. The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

B. **Copyright Infringement**

Pursuant to 17 U.S.C. §504, an infringer of copyright is liable for either actual damages and additional profits of the infringer or statutory damages. 17 U.S.C. § 504(a). Section 504(c) states: "Except as provided by clause (2) of this subsection, the copyright owner may elect, at

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c).

### C. Permanent Injunction

Pursuant to 17 U.S.C. § 502, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. A district court may grant preliminary injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of success." *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

"[W]hen a defendant is in default, the element of success on the merits is satisfied. *Virgin Records America, Inc. v. Courson*, 2007 WL 3012372, *2 (M.D. Fla. Oct. 12, 2007) (citing *Sony Music Entm't v. Global Arts Prods.*, 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999)). "Copyright infringements are presumed to cause irreparable harm." *Virgin Records*, 2007 WL 3012372, *2 (citing *CBS, Inc. v. PrimeTime 24 J.V.*, 9 F.Supp. 2d 1333, 1344-45 (S.D.N.Y.1998)). Furthermore, when considering the public's interest, "injunctive relief is in the public interest,

not only for the protection of copyrights, but also because of the public's interest in supporting creative pursuits while controlling costs passed on to the public when pirated copyrights cause lost revenues." *Virgin Records*, 2007 WL 3012372, at *2.

    **D.**    **Attorney's Fees**

17 U.S.C. § 505 provides that the Court may allow the recovery of reasonable attorneys' fees and costs to the prevailing party. 17 U.S.C. § 505. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal communication for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).[4]

**II.**    **APPLICATION**

After careful review of the Complaint and Motion filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Masterfile's claim of willful copyright infringement. It is recommended that the Court find the entry of default judgment and a permanent injunction is warranted. AST was properly served, and has had numerous opportunities to appear and contest the claims, as well as the Motion now

---

[4] Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

before the Court. However, Masterfile's claims and Motion remain unopposed.

As set forth above, AST's default establishes Masterfile's success on the merits and copyright infringement is presumed to cause irreparable harm. AST has not rebutted this presumption. With respect to the remaining two elements, it is recommended that the Court find Masterfile's injury outweighs whatever damage the injunction may cause AST and Masterfile's proposed injunction is not adverse to the public interest.

Masterfile seeks damages in the amount of $33,840.00. Attached to the Motion is the Declaration of Steve Pigeon, President of Masterfile. Doc. No. 10 at 8. Mr. Pigeon states that Masterfile's "standard fee" for a retroactive license for the use of the Photographs is $33,840.00. *Id*; *see, e.g., Montgomery v. Noga*, 168 F.3d 1282, 1295-96 (11th Cir. 1999) (affirming jury award of actual damages based on a retroactive license fee).[5]

Finally, Masterfile seeks an award of attorneys' fees in the amount of $6,031.00 and attached to its Motion a Declaration of Adam B. Landa and a detailed time sheet indicating that he expended 13.5 hours of work on the case. Doc. No. 10 at 37. Landa states that the total amount of attorneys' fees incurred through August 11, 2010 is $6,031.00. *Id.* at 38. It is recommended that the Court find the fees sought by Masterfile are reasonable.

Therefore, it is **RECOMMENDED** that:

1. Masterfile's Motion (Doc. No. 10) be **GRANTED**;

2. Judgment be entered against AST in the amount of $39,871.00 ($33,840.00 in actual damages and $6,031.00 in attorneys' fees); and

3. AST and its officers, directors, owners, agents, servants, employees, successors,

---

[5] Masterfile notes that the Court is authorized by the Copyright Act to award statutory damages in the amount of $180,000.00 for the six separate infringements. Doc. No. 10 at 3-4.

heirs and assigns, and any other persons in active concert or privity or in participation with any of them, be permanently enjoined from infringing on copyrights VA 1-023-866, VA 1-023-878, VA 1-023-873 and VA 1-229-219.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 1, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party